FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 12, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>NATHAN PITURACHSATIT,<br><br>　　　　　　Defendant. | No. 2:16-CR-00071-MKD-1<br><br>ORDER AMENDING SPECIAL CONDITION NO. 3 OF SUPERVISED RELEASE<br><br>**ECF No. 158** |

Before the Court is Defendant's Third Motion to Modify Special Condition 3 of Supervised Release, ECF No. 158. Specifically, Defendant requests the Court modify the part of Special Condition No. 3 requiring Defendant to be supervised by another adult during in-person contact with Defendant's minor children. *Id.* at 2. The United States opposes the modification request. *Id.* at 7. The Court has reviewed the record and, for the reasons stated below, grants Defendant's motion.[1]

---

[1] A court may modify a condition of supervised release without a hearing if:

　　**(A)** the person waives the hearing; or
　　**(B)** the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and
　　**(C)** an attorney for the government has received notice of the relief sought,

ORDER - 1

The Court previously modified Special Condition No. 3 on December 12, 2022. ECF No. 147. As amended, Special Condition No. 3 reads:

> You must not have direct contact with any child you know or reasonably should know to be under the age of 18, excluding your own male children, without the permission of the probation officer. Contact with your children is permitted via phone call, video, and in person without seeking permission from your probation officer if the following conditions are met. For in-person visitation, you must have (1) approval of the children's mother for the visit and (2) supervision during the in-person contact by the children's mother or other adult approved by the Probation Office. In-person contact with your children must be reported to your probation officer after the visit, during the first three months of supervision, after which the supervised visitation requirement may be re-evaluated by the Court.

*Id.* at 2. On March 8, 2024, the Court denied Defendant's request to again modify Special Condition No. 3 with leave to re-raise the request after an additional year of compliance with his conditions of supervised release. ECF No. 156.

Pursuant to 18 U.S.C. § 3583(e)(2), the district court may modify a condition of supervised release upon consideration of the 18 U.S.C. § 3553 factors. *See United States v. Bainbridge*, 746 F.3d 943, 951 (9th Cir. 2014); *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7). A district court may "modify terms and conditions of supervised release . . . in order

---

has had a reasonable opportunity to object, and has not done so. Fed. R. Crim. P. 32.1(c)(2). Here, the relief sought is favorable to Defendant and the United States has not filed an objection.

ORDER - 2

to account for new or unforeseen circumstances." *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (omission in original).  "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Id.*  (citations omitted).

Over the past year, Defendant has completed Sex Offender Treatment, worked as a mentor in the Resilience Education program, and remained compliant with all conditions of supervised release.  ECF No. 158-1 at 2.

Further, "when a supervised release condition targets a defendant's right to associate with an intimate family member, the district court must 'undertake an individualized review' on the record of the relationship between the defendant and the family member at issue to determine whether the restriction is necessary to accomplish the goals of deterrence, protection of the public, or rehabilitation." *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (quoting *United States v. Napulou*, 593 F.3d 1041, 1047 (9th Cir. 2010)).  Here, Defendant's minor children, E.P. (age 17) and T.P. (age 14) currently live in Hawaii with their mother, Raehanna Piturachsatit.  ECF No. 158 at 5.  T.P. visited Defendant for three weeks last summer, but he stayed with other family members and only saw Defendant on

ORDER - 3

weekends due to the requirement that an adult be present.  ECF No. 158-1 at 2.  Both E.P. and T.P. plan to visit Defendant this summer.  *Id.*  Defendant seeks to modify Special Condition No. 3, so he may "fully participate in [his] children's lives as their father."  *Id.*

Lastly, Courtney Hambel, United States Probation Officer; Priscilla Hannon, Sex Offender Treatment Provider; and Mrs. Piturachsatit all support modification of Special Condition No. 3.  ECF Nos. 158-2, 158-3, 158-4; *see also United States v. Blinkinsop*, 606 F.3d 1110, 1121 (9th Cir. 2010) ("The probation officer, who has regular contact with a sex offender on supervised release, in consultation with treatment provider(s), is in the best position to determine the appropriate contact with minors for a released defendant convicted of a child-pornography crime, even with the defendant's children.").

Based on Defendant's changed circumstances, the Court grants Defendant's motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Third Motion to Modify Special Condition 3 of Supervised Release, **ECF No. 158**, is **GRANTED**.

2. Special Condition No. 3, as set forth in ECF No. 118 and modified by ECF No. 147, is **MODIFIED** as follows:

You must not have direct contact with any child you know or reasonably should know to be under the age of 18, excluding your own male children, without the permission of the probation officer.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** March 12, 2025.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 5